**Barbara POLK, Plaintiff-Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, a State Agency, et al., Defendants-Appellees.**

**No. 379, Docket 83–7593.**

United States Court of Appeals, Second Circuit.

Argued Nov. 3, 1983.

Decided Nov. 25, 1983.

James I. Meyerson, New York City, for plaintiff-appellant.

Clifford A. Royael, Principal Atty., Albany, N.Y. (Robert Abrams, Atty. Gen., William J. Kogan, Asst. Sol. Gen., Albany, N.Y., on brief), for defendants-appellees.

Before TIMBERS, NEWMAN and CARDAMONE, Circuit Judges.

NEWMAN, Circuit Judge:

This is an appeal from an order of the District Court for the Northern District of New York (Howard G. Munson, Chief Judge) awarding attorney's fees pursuant to 42 U.S.C. § 1988 (Supp. V 1981). The successful plaintiff to whom fees were awarded contends that the District Judge erred in calculating a fee based on the prevailing rates charged by competent civil rights lawyers in the Northern District, rather than the higher prevailing rates charged in the Southern District. In the unusual circumstances of this case, we conclude that the District Judge had discretion to award a fee based on either Northern District or Southern District rates, and we therefore remand to permit reconsideration of the fee award.

Plaintiff brought suit under 42 U.S.C. § 1983 (Supp. V 1981) alleging that her right to visit her son, incarcerated in the Great Meadow Correctional Facility, had been summarily suspended for a period of six months. Named as defendants were the New York State Department of Correctional Services, the Commissioner of Correctional Services, and the warden of Great Meadow, a prison located in the Northern District. Plaintiff, a resident of the Southern District, sought and obtained the services of an attorney in the Southern District. The attorney filed the section 1983 suit in the Southern District, apparently choosing that District not only for convenience but also because of the pendency there of a class action on behalf of "all present and future inmates [in New York state prisons] and their visitors" challenging summary suspension of visitation privileges. *Kozlowski v. Coughlin,* 539 F.Supp. 852 (S.D.N.Y.1982). Plaintiff's suit was assigned to Judge Stewart, before whom the class action was pending. Judge Stewart transferred plaintiff's suit to the Northern District, presumably pursuant to 28 U.S.C. § 1406(a) (1976), because venue had been improperly laid in the Southern District, 28 U.S.C. § 1391(b) (1976). Shortly thereafter the suit was settled somewhat favorably to the plaintiff by restoration of her visitation privileges approximately one month before the end of the six-month suspension period.

In considering the plaintiff's fee application, Chief Judge Munson first allowed 40 of the claimed total of 43 hours, despite the absence of contemporaneous time records. *See New York State Association for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir.1983) (contemporaneous time records required for attorney's fee claims for work performed after June 15, 1983). The Judge then turned to the hourly rate, noting the usual rule that a fee should be set "according to the normal rate in the legal community for substantially similar work by competent practitioners." *McCann v. Coughlin,* 698 F.2d 112, 130 (2d Cir.1983). Focusing on the phrase "legal community," the Judge then determined that he "must" look to the rate prevailing in the Northern District of New York. That hourly rate, he ruled, was $75. Rejecting the plaintiff's claim of $150 an hour, alleged to be the Southern District rate, Chief Judge Munson

calculated a lodestar amount of $3,000. He then declined to make any adjustment, concluding that the skill and experience of plaintiff's counsel, which might have warranted some increase, was balanced by the simplicity of the issues and the minimal litigation risk. A fee of $3,000 was awarded.

Normally a district court, awarding attorney's fees under section 1988, will consider the prevailing rates in the district in which the court sits. *Avalon Cinema Corp. v. Thompson,* 689 F.2d 137, 140–41 (8th Cir. 1982) (en banc); *Donnell v. United States,* 682 F.2d 240, 251–52 (D.C.Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1190, 75 L.Ed.2d 436 (1983). Exceptions have been made upon a showing that the special expertise of counsel from a distant district is required. *Maceira v. Pagan,* 698 F.2d 38, 40 (1st Cir.1983); *Donnell v. United States, supra,* 682 F.2d at 252; *Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 768 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). The instant case, however, is not the typical situation in which a lawyer from one district files suit in another district. Here the lawyer filed suit in his home district, and the case was transferred to the forum district. If the suit had been properly maintainable in the Southern District and transferred for "the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a) (1976), counsel would normally be entitled to fees at the rate prevailing in his home district, *Virginia Academy of Clinical Psychologists v. Blue Shield of Virginia,* 543 F.Supp. 126 (E.D.Va.1982), at least in the absence of any indication that the suit was filed in the high-rate district with little prospect of litigation there but in the hope of securing a high fee. However, if a suit is not maintainable in the district of filing and is transferred because of improper venue pursuant to 28 U.S.C. § 1406(a) (1976), the rates prevailing in the forum district should normally apply; otherwise counsel has an incentive to file in a high-rate district in the hope of obtaining a high fee, even though the case must be litigated elsewhere.

The instant case falls into the second category—litigation transferred because of improper venue, yet there is a special circumstance that might warrant use of rates prevailing in the district of filing. That circumstance is the pendency in the Southern District of the class action on behalf of a class to which the plaintiff appears to belong. Counsel might well have expected plaintiff's claim to be adjudicated in the Southern District as part of the class action. In light of this circumstance, we think Chief Judge Munson had discretion to award a fee based on either the Southern District or Northern District rates and was not required, as he thought, to confine his consideration to Northern District rates. Moreover, the rate prevailing in the appropriate community is only one of many factors bearing on determination of a fee award. *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). So long as unwarranted windfalls are not awarded, *see New York State Association for Retarded Children, Inc. v. Carey, supra,* 711 F.2d at 1150, district judges retain broad discretion in determining "reasonable" attorney's fees under section 1988. *King v. Greenblatt,* 560 F.2d 1024, 1026 (1st Cir.1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978).

We therefore remand to permit Chief Judge Munson to reconsider the amount of an attorney's fee to be awarded in this case. In exercising his discretion as to an appropriate hourly rate, he may consider all of the circumstances of the case. We will exercise our discretion to preclude any claim for attorney's fees in connection with this appeal and to deny an award of costs.

Remanded.