NEWCHANNELS CORPORATION, Plaintiff,

v.

James KOPLIK, Defendant.

No. 94–CV–1290.

United States District Court, N.D. New York.

Nov. 2, 1995.

**334**

Coughlin, Gerhart Law Firm, Binghamton, NY (Robert R. Jones, of counsel), for Plaintiff.

### MEMORANDUM-DECISION and ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

In this action, **plaintiff NewChannels Corporation** was awarded a judgment by default against **defendant James Koplik,** who failed to defend against allegations that he used electronic decoders to obtain cable television without authorization and intended to sell said decoders for private gain. At a default judgment damages hearing on April 28, 1995, the Court found defendant's actual liability to plaintiff to be $19,200.00. Plaintiff also seeks $50,000.00 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(B). Finally, plaintiff has applied for attorneys' fees in the amount of $1,791.00 and costs in the amount of $150.00, for a total of $1,941.00, pursuant to 47 U.S.C. § 553(c)(2)(C).

## II. DISCUSSION

### A. STATUTORY DAMAGES

■ Under 47 U.S.C. § 553, a court in its discretion may increase the award of actual damages by an amount not to exceed $50,000 if it finds "that the [cable] violation was committed willfully and for purposes of commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B). Upon consideration of the record, the Court in this case finds that defendant Koplik, who was found to possess six or more electronic cable decoders, did in fact behave willfully and with hope of financial gain. As a result, the Court will award plaintiff an additional ten thousand and 00/100 dollars ($10,000.00) in statu-

tory damages, for a total of twenty-nine thousand two hundred and 00/100 dollars ($29,200.00) in actual damages, pursuant to Section 553(c)(3)(B).

### B. ATTORNEYS' FEES

■ The most useful starting point for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or the lodestar. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). In general, the reasonable rate used in a determination of the amount of attorneys' fees to be awarded "should be calculated according to the prevailing rates in the community *'for similar services by lawyers of reasonably comparable skill, experience and reputation.'"* *Cefali v. Buffalo Brass Co.,* 748 F.Supp. 1011, 1018 (W.D.N.Y.1990) (quoting *Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058–59 (2d Cir. 1989), *cert. denied,* 496 U.S. 905, 110 S.Ct. 2587, 110 L.Ed.2d 268 (1990)) (emphasis in original). The Second Circuit has articulated that the proper rule is for a district court to "consider the prevailing rates in the district in which the court sits." *Polk v. New York State Dep't of Correctional Servs.,* 722 F.2d 23, 25 (2d Cir.1983).

■ The rationale for this rule lies in its simplicity and neutrality. *Donnell v. United States,* 682 F.2d 240, 251 (D.C.Cir.1982), *cert. denied,* 459 U.S. 1204, 103 S.Ct. 1190, 75 L.Ed.2d 436 (1983). It allows the district court to determine "the prevailing market rate within its jurisdiction, an inquiry about which it should develop expertise." *Id.* Further, such a rule does not work

to any clear advantage for either those seeking attorneys' fees or those paying them. High-priced attorneys coming into a jurisdiction in which market rates are lower will have to accept those lower rates for litigation performed there. Similarly, some attorneys may receive fees based on rates higher than they normally command if those higher rates are the norm for the jurisdiction in which the suit was litigated.

*Id.* Therefore, the appropriate hourly fee to be applied in calculating an award of attorneys' fees is the prevailing rate in the district in which the suit is litigated, irrespective of the fee usually charged by the attorney.

■ The Court consequently will apply the prevailing market rates of the Northern District of New York in a calculation of attorneys' fees to be awarded to plaintiff. Therefore, the Court will employ the hourly rates submitted by plaintiff with one exception—paralegals will be permitted to bill at only $50 per hour. Applying these rates to the instant case, the Court will adjust the fee schedules submitted by plaintiff by reducing the amount sought to a lodestar of one thousand seven hundred eighty and 00/100 dollars ($1,780.00).

## III. CONCLUSION

Plaintiff's application for attorneys' fees and costs in this action is hereby **GRANTED**. Plaintiff NewChannels Corporation is awarded a final judgment against defendant James Koplick in the principal amount of $29,200 as stated herein, including statutory actual damages, as well as attorneys' fees in the amount of $1,780.00 as stated herein and costs in the amount of one hundred fifty and 00/100 dollars ($150.00), for a total of thirty-one thousand one hundred thirty and 00/100 dollars ($31,130.00).

**IT IS SO ORDERED.**