08-4079-cv(L)
Simmons v. N.Y. City Transit Authority

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2008
(Argued: April 8, 2009          Decided: August 3, 2009)
Docket No. 08-4079-cv(L)

---------------------------------------------------------x

ROSETTA SIMMONS,

        Plaintiff-Appellee-Cross-Appellant,

            - v. -

NEW YORK CITY TRANSIT AUTHORITY,

        Defendant-Appellant-Cross-Appellee,

            - and -

JOHN DOE # 1-3,

        Defendants.[*]

---------------------------------------------------------x

B e f o r e :  JACOBS, Chief Judge, WALKER, and LEVAL, Circuit Judges.

        Appeal by Defendant from a judgment entered in the United States District Court for the Eastern District of New York (Charles P. Sifton, Judge), granting Plaintiff's request for attorney's fees based on the prevailing rates in the Southern, as opposed to the Eastern, District of New York.  On appeal, we

_____

[*]     The official caption lists appellant as "New York Transit Authority" and defendants as "John Doe #1-3, Defendant."  The Clerk of the Court is respectfully directed to amend the official caption to read "New York City Transit Authority" and "John Doe #1-3, Defendants."

-1-

VACATE the district court's award of attorney's fees insofar as they were calculated based on the prevailing rates in the Southern District of New York.  The case is REMANDED for the district court to enter a modified attorney's fees award based on the prevailing rates in the Eastern District of New York.

GREGORY ANTOLLINO, New York, N.Y., for Plaintiff-Appellee-Cross-Appellant.

STEVE S. EFRON, New York, N.Y., for Defendant-Appellant-Cross-Appellee.

JOHN M. WALKER, JR., Circuit Judge:

Once again we are called upon to clarify the boundaries of the attorney's fees award.  We recently delineated those boundaries in Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008), in which we "abandon[ed]" the "lodestar" approach to awarding attorney's fees, and adopted instead a "presumptively reasonable fee" calculation, whereby district courts are advised "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," id. at 117-18 (emphasis in original).

In this appeal by the New York City Transit Authority (the "TA") following a jury verdict in favor of Plaintiff Rosetta Simmons ("Simmons") on her disability discrimination claim, our

-2-

attention is on the parameters of one such "variable": the circumstances in which a district court may depart from the traditional "forum rule," under which district courts are directed to calculate attorney's fees based on the rates prevalent in the forum in which the litigation was brought. The district court, relying on Arbor Hill, awarded attorney's fees to Simmons based on the prevailing hourly rates in the Southern District of New York ("Southern District"), where Simmons' attorneys were based, even though the case was litigated in the Eastern District of New York ("Eastern District"), where the prevailing hourly rates are substantially lower.

We conclude that in order to receive an attorney's fee award based on higher out-of-district rates, a litigant must overcome a presumption in favor of the forum rule, by persuasively establishing that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result. In this case, Simmons has not overcome the presumption in favor of the forum rule. We address the remaining issues on appeal separately in a summary order filed concurrently with this opinion.

## BACKGROUND

The facts relevant to the attorney's fees claim are as follows. Simmons, a TA train operator since 1988, filed the instant complaint in February 2003 after she was removed from

-3-

train operator duty. She alleged that the TA had discriminated against her on the basis of her disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101-1001, and the New York State Human Rights Law, N.Y. Exec. L. §§ 290-301, by failing to reasonably accommodate her impairment. After extensive discovery, the district court denied the TA's motion for summary judgment. The first trial ended in a mistrial when the jury failed to reach a verdict. After the mistrial, the district court denied the TA's post-trial and renewed summary judgment motions. At the close of the second trial, the district court reserved decision on the TA's motion for a directed verdict. On December 10, 2007, the jury returned a verdict for Simmons and awarded her $150,000 in non-economic damages.

The hard-fought battle was not over. Although the parties agreed to try issues of economic damages to the court and stipulated to the calculation of back wages and pension credits, the parties disputed whether Simmons was entitled to compensation for "lost fringe benefit time." In March 2008, the district court found against Simmons on that issue. The TA then moved for judgment as a matter of law in the underlying discrimination case pursuant to Federal Rule of Civil Procedure 50, or in the alternative, for a new trial pursuant to Federal Rule of Civil

Procedure 59, and the district court denied the TA's motions in their entirety.

Simmons then moved for attorney's fees, as a prevailing party under the ADA, 42 U.S.C. § 12205, the Rehabilitation Act, 29 U.S.C. § 794a(b), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502(f).  She calculated her attorney's fees based on the hourly rates in the Southern District where her attorneys were based, which, as the district court recognized, "are higher than the hourly rates charged in the Eastern District."  Simmons v. N.Y. City Transit Auth., No. CV-02-1575, 2008 WL 630060, at *2 (E.D.N.Y. March 5, 2008); see also Luciano v. The Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997).  The TA challenged Simmons' fees calculation, on the basis that, inter alia, the correct hourly rates were those that prevailed in the Eastern District, where the case was litigated.

The district court agreed with Simmons' position.  The district court first acknowledged that, according to the forum rule, "[t]he reasonable rate used to determine the amount of attorney['s] fees to award is calculated according to the prevailing rates in the district in which the court sits."  Simmons, 2008 WL 630060, at *2 (citing Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)).  The district court concluded, however, that Simmons was justified in retaining out-of-district counsel under the circumstances, and therefore

the court was permitted, under Arbor Hill, to "adjust th[e] base hourly rate to account for [Simmons'] reasonable decision." Id. (quoting Arbor Hill, 493 F.3d at 111-12 (first alteration in original)).  The district court found that, "[a]lthough there may be other civil rights attorneys in the Eastern District," Simmons' decision to hire out-of-district counsel was reasonable due to counsel's experience and "success rate" in litigating disability discrimination cases, and the fact that "travel time" between the Southern and Eastern districts is "minimal." Id. at *2-3.

Following motions for interest on attorney's fees, the district court awarded Simmons attorney's fees in the total amount of $213,085.25.

The TA appealed this award.

**DISCUSSION**

**I.   Legal Standard**

"We . . . review decisions to award or deny attorney['s] fees for abuse of discretion." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 96 (2d Cir. 2008).  "A district court abuses its discretion if it relies on 'an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Kerin v. U.S. Postal Serv., 218 F.3d 185, 188-89 (2d Cir. 2000) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)).

**II.   The Forum Rule**

In <u>Arbor Hill</u>, we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "<u>Johnson</u>" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." <u>Id.</u> at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind <u>all</u> of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." <u>Id.</u> at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." <u>Id.</u> at 112, 118.

The facts of <u>Arbor Hill</u> also required us to further develop the parameters of the "forum rule," a methodology first developed by the Supreme Court in <u>Blum v. Stenson</u>, 465 U.S. 886 (1984). According to the forum rule, courts "should generally use 'the

-7-

hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." Arbor Hill, 493 F.3d at 119 (quoting In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987)); see also Blum, 465 U.S. at 895; Polk, 722 F.2d at 25. The court may apply an out-of-district rate (or some other rate, based on the aforementioned "case-specific variables") if, "in calculating the presumptively reasonable fee[,] . . . it is clear that a reasonable, paying client would have paid those higher rates." 493 F.3d at 119.

Arbor Hill had no occasion to draw the exact parameters of the forum rule and, specifically, the exception to the rule. In defining the exception to the rule, we stated that

> [w]e presume . . . a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. This presumption may be rebutted – albeit only in the unusual case – if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill.

Id. (emphasis added). Thus, while we disavowed "strict adherence to the forum rule" where "circumstances have warranted it," id. at 120 (citing Polk, 722 F.2d at 25; Agent Orange, 818 F.2d at 232), due to our "belief that district courts should award fees just high enough 'to attract competent counsel,'" id. at 121 (quoting Lewis v. Coughlin, 801 F.2d 570, 576 (2d Cir. 1986)), we

still emphasized that deviation from the forum rule is only appropriate "in the unusual case," in which a litigant demonstrates that her selection of counsel was "reasonable under the circumstances," id. at 119.  We suggested in Arbor Hill that district courts should consider factors such as "geograph[ical]" proximity between districts, id. at 120, and the "workings of today's market for legal services," id., to determine whether the litigant's selection of counsel was "reasonable" enough to permit deviation from the forum rule.

We had considered the forum rule in cases prior to Arbor Hill.  But in those cases we had stated that district courts may deviate from the forum rule where litigants can "show[] . . . that the case required special expertise beyond the competence of [forum district] law firms."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 369 F.3d 91, 96-97 (2d Cir. 2004) (per curiam); see also Agent Orange, 818 F.2d at 232 ("We . . . have strayed from [the forum] rule only in the rare case where the special expertise of non-local counsel was essential to the case, it was clearly shown that local counsel was unwilling to take the case, or other special circumstances existed.") (internal quotation marks omitted, emphasis added). Arbor Hill thus could be read to have expanded the exception to the forum rule.

Since Arbor Hill, district courts in this circuit have

variously applied the exception to the forum rule. Compare Mikrut v. Unum Life Ins. Co., No. 3:03cv1714(SRU), 2007 WL 2874801, at *4 (D. Conn. Sept. 28, 2007) (reducing fees to District of Connecticut rates based on the court's conclusion that "[m]any attorneys practicing in this District could have ably handled this case for [plaintiff] at much lower rates than those sought"), with Luca v. County of Nassau, No. 04-CV-4894(FB), 2008 WL 2435569, at *9 (E.D.N.Y. June 16, 2008) (awarding Southern District rates in a case litigated in the Eastern District due to the "uniquely permeable" border between the districts), and Wash. Mut. Bank v. Forque, No. 07-MC-6027-CJS, 2008 WL 282201, at *1 (W.D.N.Y. Jan. 30, 2008) (awarding Southern District rates in a case litigated in the Western District of New York where "[p]etitioner would have retained [his counsel] for this matter in the Western District . . . since [the same counsel] has been representing [p]etitioner throughout these proceedings and is familiar with ancillary proceedings by other parties against [p]etitioner"); cf. Disabled Patriots of Am., Inc. v. Niagara Group Hotels, LLC, No. 07CV284S, 2008 WL 1867968, at *4 (W.D.N.Y. Apr. 24, 2008) (awarding Southern District of Florida rates where defendant did not object to the calculation, but deeming the rate to be "[un]reasonable for this District"). The instant case requires us to provide further guidance to district courts by delineating to a greater degree the

"circumstances" that will justify the "reasonable" selection of out-of-district counsel, and the concomitant payment of out-of-district rates.

We now hold that, when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result. In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors. Among the objective factors that may be pertinent is counsel's special expertise in litigating the particular type of case, if the case is of such nature as to benefit from special expertise. A litigant cannot overcome the presumption through mere proximity of the districts, nor can a litigant overcome the presumption by relying on the prestige or "brand name" of her selected counsel. Lawyers can achieve prestige and fame in numerous ways that do not necessarily translate into better results. The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a

substantially inferior result.  Unless these limitations are observed, the award of attorney's fees would not respect what we described in Arbor Hill as the "touchstone" of the doctrine, "that district courts should award fees just high enough 'to attract competent counsel.'"  493 F.3d at 121 (emphasis added).  Among the ways an applicant may make such a showing is by establishing that local counsel possessing requisite experience were unwilling or unable to take the case, Agent Orange, 818 F.2d at 232, or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise.

In Arbor Hill, we rejected application of a "strict forum rule" as the "settled law of this circuit."  493 F.3d at 121 n.8.  But in saying the forum rule is not "strict," we mean not absolute.  In delineating the parameters of the exception, we continue to adhere both to our previous holdings and those of other circuits.  As the Seventh Circuit has stated:

> If a high priced, out of town attorney renders services which local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge . . . m[ay] allow only an hourly rate which local attorneys would have charged for the same service.  On the other hand, there are undoubtedly services which a local attorney may not be willing or able to perform.  The complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally.

Chrapliwy v. Uniroyal, Inc., 670 F.2d 760, 768 (7th Cir. 1982); see also Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983); Avalon Cinema Corp. v. Thompson, 689 F.2d 137, 140-41 (8th Cir.

1982).

Our interpretation of the exception to the forum rule provides a roadmap for district courts to follow, and guidance for litigants, and their counsel, to consider in taking cases and seeking attorney's fees. There are sound policy reasons for a clarified exception to the forum rule as opposed to a more nebulous test, among them predictability and economy. As discussed infra, the instant case demonstrates that replacing a less defined, more opaque rule with the one we announce promotes cost-consciousness, increases the probability that attorneys will receive no more than the relevant market would normally permit, and encourages litigants to litigate with their own pocketbooks in mind, instead of their opponents'.

**III. The Instant Appeal**

In this case, the district court awarded attorney's fees to Simmons' counsel based on the prevailing hourly rates in the Southern District, where her counsel was based, as opposed to the Eastern District, where the suit was litigated. The district court concluded that the exception to the forum rule applied to this case because of (1) counsel's "experience in the area of employment law, and in particular, his experience litigating disability discrimination cases, both in the Southern and Eastern Districts," Simmons, 2008 WL 630060, at *2, (2) counsel's "success rate" in litigating such cases, id. at *3, and (3) the

-13-

"proximity" of counsel's Southern District office to the Eastern District, id.; see also id. (noting that "travel time between the Southern and Eastern District is minimal as the principal courthouses for each district are minutes away from each other, on either side of the East River"). The district court concluded that, "[a]lthough there may be other civil rights attorneys in the Eastern District," Simmons had satisfied the exception to the forum rule by hiring an attorney that a "reasonable paying client" would have hired. Id.

In light of our clarification of the exception to the forum rule, it is apparent that Simmons has not overcome the presumption in favor of the forum rule. Although the district court properly considered counsel's experience and success rate in assessing the merits of Simmons' application for out-of-district rates, Simmons presented no evidence to the district court or on appeal that, had she retained Eastern District counsel instead of Southern District counsel, she would have received a substantially inferior result to that provided by her selected counsel. Nor has she shown that Eastern District counsel were unable or unwilling to take her case; indeed, the district court itself noted that other "civil rights attorneys in the Eastern District" may have been able to competently prosecute Simmons' litigation. Id. While Simmons cannot be faulted for wanting to retain counsel with the best possible reputation, it

is not the TA's responsibility to compensate for such counsel based on higher out-of-district rates where Simmons has not shown that they were likely to produce a substantially better result than competent counsel in the Eastern District would produce for less – in this case, substantially less – money. The TA should not be required to pay for a limousine when a sedan could have done the job.

Accordingly, Simmons cannot satisfy the exception to the forum rule as we have articulated it, and the district court erred in deviating from the forum rule in this case.

**CONCLUSION**

For the foregoing reasons, the district court's attorney's fees award is VACATED, and the case is REMANDED for the district court to reduce the attorney's fees award by $45,000, which represents the difference between the prevailing hourly rates of the Southern District and Eastern District.