**ON TIME AVIATION, INC.,**
Plaintiff–Appellant,

v.

**BOMBARDIER CAPITAL, INC.,**
Defendant–Appellee.

Nos. 07–4866–cv, 09–0250–cv.

United States Court of Appeals,
Second Circuit.

Oct. 2, 2009.

Linda H. Joseph, Schroder, Joseph & Associates, LLP, Buffalo, NY, for Appellant.

Eric Fishman, Pillsbury Winthrop Shaw Pittman, LLP, New York, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, Circuit Judges, and JOHN GLEESON, District Judge.*

### SUMMARY ORDER

Plaintiff On Time Aviation, Inc. ("On Time") appeals from awards of (1) summary judgment in favor of defendant Bombardier Capital, Inc. ("Bombardier"), and (2) sanctions against On Time's counsel under Federal Rule of Civil Procedure 11. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review an award of summary judgment *de novo,* viewing the evidence in the light most favorable to the non-moving party. *Mathirampuzha v. Potter,* 548 F.3d 70, 74 (2d Cir.2008). We will affirm a grant of summary judgment only where the record reveals "no genuine issue as to any material fact" and the movant's entitlement to judgment "as a matter of law." Fed.R.Civ.P. 56(c). We "apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

### 1. The Contract Claim

#### a. Disclaimer

██ On Time argues that the district court erred in determining that an explicit disclaimer in the parties' final purchase and sale agreement (the "Agreement") stating that Bombardier was selling a particular aircraft " 'AS IS, WHERE IS', with no representations or warranties of any kind or nature by [Bombardier], including but not limited to warranties of merchant-

---

* District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

ability and fitness for a particular purpose," Callahan Affirmation, Exhibit C at 1, was unambiguous and clearly covered the aircraft engines. Whether a contract is ambiguous is a question of law for the court. *See Aon Fin. Prods., Inc. v. Societe Generale*, 476 F.3d 90, 95 (2d Cir.2007). Accordingly, we construe the contract *de novo. See Jessica Howard Ltd. v. Norfolk S. R.R. Co.*, 316 F.3d 165, 168 (2d Cir. 2003). Plaintiff relies on a Delivery and Acceptance Receipt (the "Delivery Receipt") confirming acceptance of *"the Equipment* 'AS IS, WHERE IS,' " Fishman Affirmation, Exhibit 17 at 1 (emphasis added), to argue that the variance between the two disclaimer clauses—one referring to the "Equipment," the other to the "Aircraft"—gives rise to ambiguity as to whether Bombardier disclaimed responsibility for necessary engine repairs to the aircraft. Like the district court, we are not persuaded by this argument.

■ While the Delivery Receipt does not define the term "Equipment," it states that On Time's execution and delivery of the document constituted "without further act, the unconditional and irrevocable acceptance by Purchaser of the Aircraft under the Agreement." *Id.* Further, it explicitly defines the Aircraft to include two engines, providing their make, model, and serial numbers. The Agreement, moreover, references the Delivery Receipt, stating that the documents taken together "shall evidence the purchase by [On Time]" of the Aircraft. Read together, this language admits of no ambiguity: Bombardier's sale of the aircraft "AS IS" disclaimed responsibility for any defects, including those pertaining to the engines. *See United Illuminating Co. v. Wisvest–Conn., LLC,* 259 Conn. 665, 670, 791 A.2d 546 (2002) (stating that "words of the contract must be given their natural and ordinary meaning" and that court "will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity" (internal quotation marks omitted)); *Conway v. 287 Corporate Ctr. Assocs.*, 187 N.J. 259, 269, 901 A.2d 341 (2006) (noting that "polestar of construction is the intention of the parties to the contract as revealed by the language used, taken as an entirety" (internal quotation marks omitted)); *O'Brien Bros.' P'ship, LLP v. Plociennik,* 182 Vt. 409, 414, 940 A.2d 692 (2007) (observing that unambiguous contract terms "will be given effect and enforced in accordance with their language" (internal quotation marks omitted)).[1]

b. *Agreement To Assign and To Transfer the Service Plan*

■ On Time argues that the district court nevertheless erred in failing to recognize that Bombardier's refusal to pay for engine repairs raised a triable issue of fact as to its breach of the Agreement's promise to assign and to transfer the service plan. We disagree. Bombardier's service contract with Honeywell sets out various conditions for transfer of the plan, none of which allocates responsibility for the cost of engine repairs. Moreover, in the months following the sale of the Aircraft,

---

1. We need not reach choice of law issues presented by the contract claims, as the result is the same under the laws of Connecticut, where On Time conducted the bulk of its negotiations through an agent; New Jersey, where On Time executed the agreement; and Vermont, headquarters of Bombardier, from which it negotiated and executed the transaction. All three states have adopted the Uniform Commercial Code, *see* Conn. Gen.Stat. § 42a–1–101 *et seq.;* N.J. Stat. Ann. § 12A:1–101 *et seq.;* Vt. Stat. Ann. tit. 9A, § 1–101 *et seq.*, and none allows parol evidence to introduce ambiguity into otherwise clear contract terms. *See United Illuminating Co. v. Wisvest–Conn., LLC,* 259 Conn. at 670–75, 791 A.2d 546; *Conway v. 287 Corporate Ctr. Assocs.,* 187 N.J. at 269, 901 A.2d 341; *O'Brien Bros.' P'ship, LLP v. Plociennik,* 182 Vt. at 414, 940 A.2d 692.

Honeywell indicated that it was prepared to transfer the service plan once the damaged engines were repaired and the aircraft deemed airworthy. Plaintiff's service-plan arguments thus reduce to a claim that the assign-and-transfer clause itself constitutes an implied engine warranty obligating Bombardier to pay for engine repairs. As already explained, however, all such warranties were explicitly disclaimed by the "AS IS" provision of the sale contract. *See* U.C.C. § 2–316(3)(a) ("[U]nless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is'. . . or other language that in common understanding calls the buyer's attention to the exclusion of warranties [and] makes plain that there is no implied warranty.").

Accordingly, judgment was properly entered in favor of Bombardier on plaintiff's contract claim.

### 2. *The Fraud Claim*

Plaintiff's fraud claim rests on two theories: (1) that Bombardier promised to assign and transfer the Honeywell service plan when it had no intention of doing so, and (2) that Bombardier fraudulently induced On Time to sign the sale contract with false representations that the engines were in good standing under the plan. The first theory merits little discussion, as it turns on Bombardier's refusal to pay for engine repairs. As stated above, the Agreement's disclaimer of warranties shifted any risk of engine damage to On Time, removing Bombardier's payment for repairs as a condition of performance.

■ With respect to the fraudulent inducement claim, plaintiff argues that the district court erred in failing to apply New Jersey or Vermont law. We conclude that the claim does not survive under the law of either state. To establish fraudulent inducement, a plaintiff must prove that its reliance on the alleged misstatements was reasonable (New Jersey) or justifiable (Vermont). *See Rowen Petroleum Props., LLC v. Hollywood Tanning Sys., Inc.,* No. 08–4764, 2009 WL 1085737, at *3 (D.N.J. Apr.20, 2009) (citing *Banco Popular N. Am. v. Gandi,* 184 N.J. 161, 173, 876 A.2d 253 (2005)); *Von Turkovich v. APC Capital Partners, LLC,* 259 F.Supp.2d 314, 321 (D.Vt.2003) (citing *Sugarline Assocs. v. Alpen Assocs.,* 155 Vt. 437, 586 A.2d 1115 (1990)). As noted by the district court, the plaintiff did not plead justifiable or reasonable reliance in its complaint. Nor does it address the element on appeal. As a matter of law, no reasonable jury could find that On Time reasonably or justifiably relied on Bombardier's alleged misrepresentations about engine quality in light of record evidence that (1) the Agreement explicitly disclaimed all representations and warranties; (2) the Delivery Receipt referenced "unconditional and irrevocable" acceptance "without further act"; (3) On Time was aware of engine problems before signing the Agreement; and (4) On Time nevertheless failed to inspect the aircraft before buying it. *Cf. Guilbert v. Gardner,* 480 F.3d 140, 145 (2d Cir.2007) ("A genuine issue exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." (internal quotation marks omitted)).

### 3. *Sanctions*

■ Plaintiff asserts that the district court erred in imposing Rule 11 sanctions against its attorney. Because the record reasonably supports the district court's finding that the attorney's own motion for sanctions against defendant's counsel was unsupported by the record and objectively unreasonable, we identify no abuse of discretion. *See Storey v. Cello,* 347 F.3d 370, 393 (2d Cir.2003); Fed.R.Civ.P. 11, 1993 Advisory Comm. Notes (observing that fil-

ing of frivolous Rule 11 motion "is itself subject to the requirements of the rule and can lead to sanctions").

█ Plaintiff argues that the district court nevertheless erred in using out-of-district rates to calculate the attorney's fees awarded as a sanction. *See generally Simmons v. New York City Transit Auth.,* 575 F.3d 170 (2d Cir.2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182 (2d Cir. 2008). The reasoning behind the calculation of awards under fee-shifting statutes such as the Americans with Disabilities Act, *see* 42 U.S.C. § 12205, and the Voting Rights Act, *see* 42 U.S.C. § 1973l(e), is not, however, precisely analogous to that applicable to Rule 11 awards. The purpose of a Rule 11 award "is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses." *Caisse Nationale de Credit Agricole–CNCA, N.Y. Branch v. Valcorp, Inc.,* 28 F.3d 259, 266 (2d Cir.1994); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 369 F.3d 91, 98 (2d Cir.2004) (observing that Rule 11 "is not a fee-shifting mechanism" (internal quotation marks omitted)). Here, the district court explicitly referenced this deterrent purpose in setting the sanction amount. *See On Time Aviation, Inc. v. Bombardier Capital, Inc.,* No. 04–cv–1765, order at 5 (D.Conn. Dec. 23, 2008) (awarding fees). Toward this object, the district court only considered the hours defense counsel spent answering plaintiff's attorney's own sanctions motion and used rates significantly lower than those actually charged by defendant's attorneys. *Id.* at 4. We do not identify any abuse of discretion in the district court's award in this case. *See Caisse Nationale de Credit Agricole–CNCA, N.Y. Branch v. Valcorp, Inc.,* 28 F.3d at 266 (recognizing court discretion in determining reasonable fee under Rule 11).

We have considered all of plaintiff's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.