09-1178-cv(L), 09-3032-cv(CON)
Vilkhu v. City of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of April, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES and
> RICHARD C. WESLEY,
>     *Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARWINDER VILKHU,

    *Plaintiff-Appellee,*

    v.                                        Nos. 09-1178-cv(L),
                                                  09-3032-cv(CON)

CITY OF NEW YORK, HOEHL, Police Officer and/or Sergeant, ADAM JANGEL, Police Officer,

    *Defendants-Appellants*,

JOHN AND JANE DOES 1-10, Police Officers, JAMES LONG, Police Officer, JEFFREY CLINE, Police Officer, STEPHEN SAMARTINO, Police Officer,

---

[*] The Honorable Debra Ann Livingston recused herself from participating in the decision of this case, which is decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

1

*Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –x

FOR APPELLANTS: ELIZABETH I. FREEDMAN (Francis F. Caputo and Arthur G. Larkin, *on the brief*) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

FOR APPELLEE: MARIANN M. WANG (Eric Helker and Kennisha Austin, *on the brief*), Emery Celli Brinkerhoff & Abady, LLP, New York, NY.

Appeal from a November 20, 2008 judgment and a June 26, 2009 order awarding attorneys fees entered by the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's November 20, 2008 judgment is **AFFIRMED**, its June 26, 2009 order awarding attorneys fees is **VACATED**, and the cause is **REMANDED**.

Plaintiff-appellee Harwinder Vilkhu brought this action under 42 U.S.C. §§ 1981, 1983 and New York state law against the City of New York and several New York police officers. A jury found in favor of Vilkhu on two claims and awarded him $20,000 dollars in compensatory damages. In a detailed fifty-three-page memorandum opinion and order, the late Judge Sifton awarded Vilkhu $671,056.80 in attorney's fees, $58,221.70 in costs, and $401.26 in interest.

Defendants-appellants ("defendants") appeal the District Court's November 20, 2008 judgment[2] and its June 26, 2009 order[3] awarding attorneys fees. They argue that the District Court erred by (1) declining to give a jury instruction about nominal damages, (2) admitting "similar act" evidence, and (3) awarding excessive attorney's fees and costs. We assume the parties' familiarity with the underlying facts and the procedural history of this action.

With respect to defendants' arguments regarding the nominal damages jury instruction and the admission of "similar act" evidence, we affirm for substantially the reasons set forth in the

---

[2] Although this judgment was dated November 19, 2008, it was entered on the District Court's docket on November 20, 2008.

[3] Although this order was dated June 25, 2009, it was entered on the District Court's docket on June 26, 2009.

District Court's March 3, 2008 memorandum opinion and order[4] denying defendants' motion for a new trial.

With respect to defendants' challenge to the award of attorney's fees, we vacate the District Court's order and remand for further proceedings in light of our recent decision in *Simmons v. New York City Transit Authority*, 575 F.3d 170 (2d Cir. 2009). The District Court calculated the attorney's fees award by reference to billing rates in the Southern District of New York. The District Court relied on those out-of-district rates because the District Court determined that (1) Vilkhu's counsel, who were located in the Southern District of New York, had a "reputation for a high degree of success" in similar cases, and (2) "travel time between the Southern and Eastern Districts is minimal, given that the principal courthouses for each district are minutes away from each other, on either side of the East River."

In *Simmons*, which was decided after the District Court entered its order awarding attorney's fees,[5] we examined the scope of the so-called "forum rule," which provides that "courts should generally use the hourly rates employed in the district in which the reviewing courts sits." 575 F.3d at 174 (quotation marks omitted). We held, most importantly, that "a district court must first apply a presumption in favor of application of the forum rule," and "[i]n order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Id.* at 175.

Because the District Court did not have the benefit of our guidance in *Simmons*, the District Court here did not "apply a presumption in favor of application of the forum rule." *Id.* Nor did the District Court examine whether "Eastern District counsel were unable or unwilling to take [Vilkhu's] case" or whether Vilkhu had submitted sufficient evidence showing that, "had []he retained Eastern District counsel instead of Southern District counsel, []he would have received a substantially inferior result to that provided by h[is] selected counsel." *Id.* at 177.

We therefore vacate the District Court's order awarding attorney's fees and remand the cause to the District Court to reconsider the attorney's fees issue in light of our guidance in *Simmons*. On remand, the District Court should keep in mind that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quotation marks omitted). "Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in [the] complaint, are key factors in determining

---

[4] Although this order was dated March 2, 2008, it was entered on the District Court's docket on March 3, 2008.

[5] The District Court entered its order awarding attorney's fees on June 26, 2009 and *Simmons* was decided on August 3, 2009.

the degree of success achieved." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the District Court's November 20, 2008 judgment is **AFFIRMED**; its June 26, 2009 order awarding attorneys fees is **VACATED**; and the cause is **REMANDED** for further proceedings consistent with this order.


FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court