DENNIS, Circuit Judge,
concurring in the judgment.
I agree with much of the majority opinion — particularly its adoption of the generally accepted rule that “[w]hen fees are sought for an out-of-town specialist [attorney], courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation.” Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir.1995).[1] I further agree that the application of this rule to the facts of this case requires us to vacate the district court’s award of attorneys’ fees to Goldstein Demchak and remand for reconsideration using the firm’s usual rates as the basis for calculating the lodestar figure. I also agree with the majority’s decision to affirm the district court’s calculation of back pay.
Insofar as the majority opinion states that the Supreme Court’s recent opinion in Perdue v. Kenny A. ex rel. Winn, — U.S. --, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010), does not require parity between the hourly rates or total fees of the prevailing party’s counsel and the other side’s counsel, I agree with that conclusion. However, the Perdue Court’s comment that “the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case,” id. at 1672, does indicate to me that the hourly rates or total fees charged by defense counsel are relevant to the question of what is a reasonable hourly rate or total fee for a prevailing plaintiffs counsel. As the Seventh Circuit has put it, “when the defendant has hired expensive, out of town counsel, the plaintiffs seem justified in saying that the nature of the case required the skills of out of town specialists.” Chrapliwy v. Uniroyal, Inc., 670 F.2d 760, 768 n. 18 (7th Cir.1982). In at least some cases, the “hourly rates charged by the defendant’s attorneys provide a helpful guide in determining whether similarly high rates and hours requested by the plaintiffs were reasonable.” Id. I do not read the majority opinion as categorically prohibiting district courts from ever considering the rates charged by the opposing party’s counsel when determining fee awards under fee-shifting statutes. In any event, consideration of defense counsel’s fees appears to be unnecessary in the present case, given that “an avalanche of unrebutted evidence” (in the majority’s words) already establishes that Goldstein Demehak’s usual rates are the proper basis for the lodestar calculation.
*389 The majority opinion does not address the question of whether the district court committed clear error by characterizing the Goldstein Demchak attorneys as playing a mere “second-chair” role.[2] It is unclear whether the characterization of an attorney as “second-chair” is at all relevant to the proper calculation of the fee award.[3] But even if it is, the undisputed evidence in the record clearly establishes that the firm did not play a “second-chair” role in litigating this case. Attorneys and staff from Goldstein Demchak worked more than four times as many billable hours on this case as did Garrigan and his one paralegal. At trial, Goldstein Demchak attorneys examined 11 out of 22 witnesses, including both sides’ expert witnesses. And Garrigan sought the firm’s help in the first place because of its superi- or reputation and expertise in the field of employment discrimination class action litigation. These facts are inconsistent with a mere “second-chair” role. Therefore, on remand, the district court should not rely on the erroneous “second-chair” label as grounds for reducing the fee award to Goldstein Demchak.
With these observations, I concur in the result reached by the majority: affirming the district court’s calculation of back pay, vacating the fee award to Goldstein Demchak, and remanding for reconsideration of the fee award.

. This approach has been followed, with minor variations, by at least nine circuits. See, e.g., Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 175-76 (2d Cir.2009); Mathur v. Bd. of Trustees of S. Ill. Univ., 317 F.3d 738, 744 (7th Cir.2003); Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 259 (3d Cir. 1995); Casey v. City of Cabool, Mo., 12 F.3d 799, 805 (8th Cir. 1993); Gates v. Deukmejian, 987 F.2d 1392, 1405-06 (9th Cir.1992); Nat’l Wildlife Fed’n v. Hanson, 859 F.2d 313, 317 (4th Cir.1988); Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir.1983); Donnell v. United States, 682 F.2d 240, 252 (D.C.Cir.1982).

. Normally there would be good reason to defer to the trial judge’s characterization of an attorney’s role in a case. However, in this case, the judge who determined the award of attorneys’ fees was not the same judge who presided over the trial.

. If anything, it may be relevant to “whether hiring the out-of-town specialist was reasonable in the first instance,” Hadix, 65 F.3d at 535. But that question is no longer at issue in this case, since the majority opinion rightly concludes that the evidence in the record overwhelmingly shows that hiring Goldstein Demchak was reasonable.