21-446-cv
*Chaparro v. John Varvatos Enterprises, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-one.

Present:
      DEBRA ANN LIVINGSTON,
         *Chief Judge*,
      REENA RAGGI,
      GERARD E. LYNCH,
         *Circuit Judges*.

_____

LAURENTINA CHAPARRO, HILLARY T. CRANDLE, JOY FUSARO, ALYSSA HICKEY, MARGRET HOLCOMB, PAMELA KASSEN, TESSA KNOX, MICHELLE ORTIZ, TRIPTI PANDEY, RUBY ROMERO, WIJDAN SHOUBAKI, CHRISTINA TORRES, ARISSIA TOSSETTI, JENA TOBACK,

      *Plaintiffs-Appellants*,

SIRENA HERD, SYLVIA TAMAYO, KRISTEN JACKSON GORRICHATEGIU, KARLA GOMEZ-NAVARRO,

      *Plaintiffs*,

      v.                          21-446-cv

JOHN VARVATOS ENTERPRISES, INC.,

      *Defendant-Appellee*.

_____

For Plaintiffs-Appellants: WILLIAM DUNNEGAN (Richard Weiss, *on the brief*), Dunnegan & Scileppi LLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Laurentina Chaparro, Hillary T. Crandle, Joy Fusaro, Alyssa Hickey, Margret Holcomb, Pamela Kassen, Tessa Knox, Michelle Ortiz, Tripti Pandey, Ruby Romero, Wijdan Shoubaki, Christina Torres, Arissia Tossetti, and Jena Toback appeal from a final judgment entered against Defendant-Appellee John Varvatos Enterprises, Inc. ("Varvatos") on February 17, 2021, awarding Plaintiffs-Appellants, in relevant part, $748,321.21 in statutory attorneys' fees and costs to be paid by Varvatos and an additional $105,880.21 in attorneys' fees to be paid from the damages award allocated to punitive damages.[1]   On appeal, Plaintiffs-Appellants principally argue that: (1) the district court erred in failing to approve counsel's requested hourly rates; and (2) the district court erred in reducing counsel's requested hours by 50%.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

We review a district court's award of attorneys' fees for abuse of discretion.   *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010).   An abuse of discretion occurs "when (1) [the court's] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a

---

[1]  Varvatos notified the Court in a letter dated April 5, 2021 that it would not be participating in the appeal.

legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Vincenty v. Bloomberg*, 476 F.3d 74, 83 (2d Cir. 2007) (quoting *Mastrovincenzo v. City of New York*, 435 F.3d 78, 88 (2d Cir. 2006)). "Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). "As a general rule, so long as the district court has applied the correct criteria, its decision will withstand scrutiny." *Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir. 1994); *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (noting "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters").

## I.      Reduction in Hourly Rate

We first reject Plaintiffs-Appellants' challenge to the district court's determination of the reasonable hourly rate. We award attorneys' fees according to the "presumptively reasonable fee" method, calculated as the product of the reasonable number of hours worked and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183–84 (2d Cir. 2008), *as amended* (Apr. 10, 2008). "[T]his Court has instructed that determination of a reasonable hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'" *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)). In *Arbor Hill*, we emphasized that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes

3

to spend the minimum necessary to litigate the case effectively." 522 F.3d at 190. "In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors." *Id.*[2]

Reviewing recent Southern District cases awarding attorneys' fees, the district court first concluded that "there are effective attorneys at lower prices [than those sought by Plaintiffs-Appellants] for experienced litigators." *Knox v. John Varvatos Enters. Inc.*, 520 F. Supp. 3d 331, 342 (S.D.N.Y. 2021); *see also Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." (citations and internal quotation marks omitted)). This conclusion was amply supported by recent Southern District cases considering the prevailing rate in the district. *See, e.g.*, *Chuk On Chan v. Good Chows Inc.*, No. 16-CV-02794 (RJS)(SN), 2017 WL 9538901, at *7 (S.D.N.Y. Mar. 3, 2017) ("Courts in this District have determined that a fee ranging from $250 to $450 per hour is appropriate for experienced civil rights and employment law litigators." (citations omitted)).

---

[2] The *Johnson* factors are outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989). The Fifth Circuit identified the following factors as relevant to fee calculations:

> the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*Arbor Hill*, 522 F.3d at 186 n.3.

4

The district court further referenced case-specific factors in its determination of an appropriate hourly rate. The court expressly noted "that this case involved novel issues of law, that both sides prosecuted the matter zealously, and that the stakes involved were high." *Knox*, 520 F. Supp. 3d at 342. It placed great emphasis on "the fact that the performance of the plaintiffs' attorneys in the courtroom and the quality of the papers they filed with the Court was extraordinary." *Id.*; *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (reaffirming that "the novelty and complexity of a case generally may not be used as a ground for an enhancement" because these factors are presumably reflected in the reasonable hourly rate and requested hours). But it also considered that "the litigation of this case has positioned counsel to demonstrate expertise in class action and employment law that did not exist before." *Knox*, 520 F. Supp. 3d at 342–43. Under these circumstances, the district court did not abuse its discretion in setting rates that were well within, or at the high end of, the prevailing rate for attorneys of like skill and experience in the Southern District. *See Fisher v. Aetna Life Ins. Co.*, No. 16-CV-144 (RJS), 2020 WL 5898788, at *9 (S.D.N.Y. Oct. 5, 2020) (approving requested rates of $450 for Dunnegan, $225 for Weiss, and $165 for Chung in employee benefits case).

## II. Reduction in Hours

We likewise reject Plaintiffs-Appellants' challenge to the district court's determination of the reasonable hours expended during the litigation. Plaintiffs-Appellants primarily argue that the district court erred in comparing their requested hours to those approved in more routine cases, rather than those billed by Varvatos' attorneys. When reviewing a fee application, a district court should "examine[] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case," and if it "concludes that any expenditure of time was unreasonable, it should exclude these hours" from the fee calculation. *Luciano v.*

5

*Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citations omitted); *Hensley*, 461 U.S. at 434–35 (holding that only those hours "reasonably expended" should be awarded). In dealing with hours that are "excessive, redundant, or otherwise unnecessary, . . . the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citations and internal quotation marks omitted).

Here, the district court acted well within its discretion in reducing Plaintiffs-Appellants' claimed hourly total by 50%. The court concluded that some of Plaintiffs-Appellants' excessive hours were "undoubtedly attributable to the attorneys' utter lack of experience in either class actions or employment litigation." *Knox*, 520 F. Supp. 3d at 346; *see Hensley*, 461 U.S. at 438 n.13 (approving the district court's 30% reduction of an attorney's requested hours, in part, "to account for [the attorney's] inexperience"). The court also properly compared the hours sought by Plaintiffs-Appellants to those awarded in other employment discrimination suits. *Knox*, 520 F. Supp. 3d at 346; *see Cabrera v. Fischler*, 814 F. Supp. 269, 289 (E.D.N.Y 1993), *aff'd in relevant part sub nom. Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994) (finding unreasonable the 4,800 attorney hours and 1,500 paralegal hours claimed by plaintiffs when, in a similar case, counsel sought to recover for 2,359.75 hours of work performed over the course of nine years). Although Plaintiffs-Appellants argue that it was inappropriate for the district court to compare the present case with single-plaintiff discrimination suits, they did not provide the district court with any class action cases to which the hours expended on this case could be compared. In any event, class actions are not categorically more complex than individual actions, and the district court appropriately considered the nature of the case as a class action lawsuit when formulating the award. *See Knox*, 520 F. Supp. 3d at 347. On the record before us, we cannot conclude that the

6

district court abused its discretion in applying a 50% reduction to the claimed hours. *See Kirsch*, 148 F.3d at 173.

* * *

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court