10-2312-cv
Wong v. Mangone

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of December, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AARON WONG,
> *Plaintiff-Appellee,*

-v.-                                                    No. 10-2312-cv

JAMES MANGONE,
> *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          BERNARD V. KLEINMAN, Law Office of Bernard V. Kleinman, PLLC, White Plains, NY.

**FOR PLAINTIFF-APPELLEE:**          ALAN D. LEVINE, Kew Gardens, NY.

Appeal from a May 12, 2010 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*; Andrew L. Carter, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendant-appellant James Mangone appeals a May 12, 2010 judgment of the District Court following a jury verdict awarding plaintiff-appellee Aaron Wong $200,000 in damages for violations of 42 U.S.C. § 1981. Mangone also challenges the award of attorneys' fees pursuant to 42 U.S.C. § 1988, calling the amount awarded excessive and unjustified under the facts and law.

## Background

We assume the parties' familiarity with the factual history and proceedings below. Briefly, this case arises out of an altercation that took place between Wong and Mangone in the parking area of a Staten Island apartment complex on May 16, 2003. Wong, a 5'9", 145-pound African-American male, had been driving with his girlfriend on a nearby street and had turned into the residential parking area to complete a cell phone call. While Wong was parked in the area and speaking on the phone, Mangone, a 6'1", 250-pound white male, and a former New York City police officer, pulled his truck into the parking spot directly in front of Wong's car. Mangone exited his truck and approached Wong's car. *Wong v. Yoo*, 649 F. Supp. 2d 34, 45 (E.D.N.Y. 2009) (memorandum opinion and order granting in part and denying in part defendants' motion for summary judgment). The parties dispute the nature of subsequent events.

Wong claims that Mangone stuck his head through the driver's side window of Wong's car and yelled words to the effect of,

> I'm tired of you niggers being here. I'm tired of you niggers always here with your coke and your crack, and you throw dirty [vials] on the floor and you take your dirty condoms after you finish fucking and put them on the floor. I'm tired of this shit. You niggers don't belong here . . . . Do you know anybody here? I bet you don't know anybody here. Who do you know here? You niggers don't know anybody here.

*Id.* Mangone claims that he approached the car to inquire what Wong's business was in the parking lot but that he used a moderate tone and did not touch the car. *Id.*

In any event, the exchange quickly escalated to a physical fight involving a range of impromptu weapons, including the driver's side mirror of Wong's car, a circular saw, a metal pipe, a wooden broom handle, and a baton. *See id.* at 46-51. Several uniformed police officers ultimately arrived on the scene to find Wong face down on the ground. The officers concluded that Wong had assaulted Mangone and arrested Wong. *Id.* at 48-49. Wong was later taken to the hospital at his request, where he was diagnosed with a right mandible fracture. *Id.* at 50-51. He required multiple hospital visits and surgeries to correct the damage. *Id.* at 51.

Wong initiated an action against Mangone and several members of the Police Department of the City of New York on October 25, 2004 alleging causes of action under 42 U.S.C. §§ 1981, 1983, and 1985 arising from the encounter on May 16, 2003. He filed his third amended complaint on April 27, 2007, on which defendants moved for summary judgment. On August 18, 2009, the District Court (Charles P. Sifton, *Judge*, to whom this case was originally assigned) issued a lengthy

opinion and order granting summary judgment on Wong's 42 U.S.C. § 1985 claim but denying summary judgment on Wong's 42 U.S.C. §§ 1981 and 1983 claims against Mangone. *Wong v. Yoo*, 649 F. Supp. 2d 34 (E.D.N.Y. 2009).

A jury trial took place before the District Court (Jack B. Weinstein, *Judge*) from April 19, 2010 through April 29, 2010. The jury returned a verdict against Mangone for violations of 42 U.S.C. § 1981 and awarded Wong $200,000 in damages—$183,000 in compensatory damages and $17,000 in punitive damages. The District Court entered judgment to that effect on May 12, 2010. On June 8, 2010, Mangone filed a motion seeking a new trial pursuant to Federal Rule of Civil Procedure 59, which the District Court denied on October 6, 2010.

Wong also filed a motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. The Magistrate Judge reduced Wong's requested hourly rate from $400 to $375. *Wong v. Yoo*, No. 04-cv-4569, 2010 WL 4137532, at *2 (E.D.N.Y. Oct. 19, 2010). The Magistrate Judge reviewed Wong's contemporaneous time entries, and determined "a fee award of 397.5 hours at $375/hr. and 50.9[] hours of travel time at $187.5/hr. is appropriate," for a total award of $158,606.25 in attorneys' fees. *Id.* at *3-4. The Magistrate Judge also granted Wong $8,680.11 in reasonable expenses. *Id.* at *4. The Magistrate Judge entered the award of $167,286.36 in fees and expenses in a judgment on November 9, 2010.

On appeal, Mangone challenges the May 12, 2010 judgment awarding Wong $200,000 in damages for violations of 42 U.S.C. § 1981, the October 6, 2010 judgment denying his Rule 59 motion for a new trial, and the November 9, 2010 judgment awarding Wong $167,286.36 in attorneys' fees and expenses.

**I.**

"We will overturn a [jury] verdict only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005). In determining whether a jury verdict should be affirmed, we "view the facts of the case in the light most favorable to the prevailing party." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 77 (2d Cir. 2006).

In this case, there was not such a complete absence of evidence supporting Wong's 42 U.S.C. § 1981 claim that the jury could only have reached its verdict based on sheer surmise and conjecture. Indeed, it was the presence of a genuine issue of material fact on Wong's 42 U.S.C. § 1981 claim that prompted the District Court to deny summary judgment on the claim. *See Wong v. Yoo*, 649 F. Supp. 2d 34, 68-70 (E.D.N.Y. 2009).

Section 1981 provides a remedy "against private actors who intentionally discriminate on the basis of race or ethnicity." *Bologna v. Allstate Ins. Co.,* 138 F. Supp. 2d 310, 322 (E.D.N.Y. 2001) (citing, *inter alia,* 42 U.S.C. § 1981; *Runyon v. McCrary,* 427 U.S. 160, 168-75, (1976); *Albert v. Carovano,* 851 F.2d 561, 571 (2d Cir. 1988)). To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the statutorily enumerated activities. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir. 1993), *cert. denied,* 516 U.S. 824 (1995). The enumerated activities include the rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a).

The first and third elements of 42 U.S.C. § 1981 are not in dispute. It is uncontested that Wong is a member of a racial minority, satisfying the first element. As to the third element—that the discrimination concerned one or more of the statutorily enumerated activities—Wong's account of the events provides evidence sufficient to support a claim under the "equal benefit" clause of § 1981—namely, that he was deprived of the right "to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). In this Circuit, the equal benefit protections of § 1981(a) do not require state action and may be asserted against private individuals, such as Mangone. *See Phillip v. Univ. of Rochester,* 316 F.3d 291, 294-95 (2d Cir. 2003). A § 1981 violation may occur when a private individual injures "the security of persons and property" in violation of a state law, and does so with a racially discriminatory purpose. *Pierre v. J.C. Penney Co.,* 340 F. Supp. 2d 308, 313 (E.D.N.Y. 2004); *see also Bishop v. Toys "R" US, LLC,* No. 04-cv-9403, 2009 WL 440434, at *6 (S.D.N.Y. Feb. 19, 2009); *Jones v. J.C. Penney's Dep't Stores, Inc.,* No. 03–CV–920A, 2007 WL 1577758, at *18 (W.D.N.Y. May 31, 2007), *aff'd,* 317 F. App'x 71 (2d Cir. 2009). Wong adduced evidence sufficient to permit a reasonable fact-finder to find that Mangone violated New York State laws prohibiting assault and battery, which are "clearly intended for the 'security of persons.'" *Pierre,* 340 F. Supp. 2d at 312-13.

Mangone's appeal focuses on the sufficiency of evidence presented in support of the second element required to support a § 1981 claim—intent to discriminate on the basis of race. To satisfy the intent prong of § 1981, discriminatory intent on the basis of race must be a substantial or motivating factor behind the behavior complained. *See Tolbert v. Queens College,* 242 F.3d 58, 69 (2d Cir. 2001). Wong and his girlfriend testified that Mangone, upon first encountering them and without provocation, directed racial epithets toward Wong and used other racially charged language to express anger at Wong's presence in the parking lot. This testimony, if credited, provides sufficient evidence that Mangone acted with substantial racial animus or was otherwise motivated by the requisite discriminatory intent.

The weight and persuasiveness of evidence presented at trial is not a proper ground on which to disturb the jury verdict. *See, e.g., Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88 (1891) ("[D]etermining the weight and credibility of [a witness's] testimony . . . belongs to the jury, who are

4

presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men."); *Nimely v. City of New York*, 414 F.3d 381, 397-98 (2d Cir. 2005).

Accordingly, the jury verdict is adequately supported by the evidence.

## II.

We review a district court's denial of a Rule 59 motion for a new trial under a "clear abuse of discretion" standard. *See, e.g.*, *Smith v. Lightning Bolt Prod.*, 861 F.2d 363, 370 (2d Cir. 1988); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion"). The district court is obligated to grant a motion for a new trial only if it is convinced that the jury has reached a seriously erroneous result, or that the verdict constitutes a miscarriage of justice. *Smith*, 861 F.2d at 370.

Mangone argues that the jury reached a "seriously erroneous" result because the jury relied exclusively on allegations made by Wong and his girlfriend and ignored evidence to the contrary by Mangone's witnesses. This argument is without merit. The jury's credibility determinations are entitled to deference. *See, e.g.*, *Mickle v. Morin*, 297 F.3d 114, 120 (2d Cir. 2002); *Bevevino v. Saydjari*, 574 F.2d 676, 683 (2d Cir. 1978).

Accordingly, the District Court did not err in denying Mangone's motion for a new trial.

## III.

The standard of review with respect to awards of attorneys' fees is also abuse of discretion. *See, e.g., Matthew Bender & Co. v. West Publ'n Co.*, 240 F.3d 116, 121 (2d Cir. 2001). A district court abuses its discretion if it relies on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *cf. Sims*, 534 F.3d at 132.

### A.

We address, as an initial matter, this Court's jurisdiction to hear Mangone's appeal from the attorneys' fees judgment of November 9, 2010. In June 2010, Mangone filed a notice of appeal regarding the merits judgment entered May 12, 2010. The notice referred to an attorneys' fee in a general way: "Notice is hereby given that James Mangone hereby appeals . . . from the decision and judgment of this Court, after jury verdict in favor of the Plaintiff in the amount of $200,000 *and attorney fees and costs*, under 42 U.S.C. § 1981." After the November 9, 2010 judgment granting attorneys' fees to Wong, Mangone neither amended his June notice of appeal nor filed a new notice of appeal referring to the judgment on the issue of attorneys' fees. In failing to do so, Mangone fell short of strict compliance with Federal Rule of Appellate Procedure 3(c)(1)(B), which requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B).

We note, however, that in July 2010, the Clerk of our Court stayed activity on the appeal until the fees decision was filed, and the District Court advised the parties that it wished the appeal of fees to be included in the merits appeal. Our Clerk and the parties interacted repeatedly thereafter in ways that made clear their shared intention that the notice of appeal's general reference to attorneys' fees would be read, by mutual assent, as implicitly incorporating and referring to the November 9, 2010 judgment on attorneys' fees. In these circumstances, we reach the fees issue on its merits.

**B.**

The Magistrate Judge thoroughly analyzed Wong's motion for attorneys' fees, examining all of the factors that are to be considering in making such a determination. *See Simmons v. New York City Transit Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009); *Arbor Hill Concerned Citizens Ass'n v. Cnty of Albany*, 493 F.3d 110, 114 n.3, 117-18 (2d Cir. 2007); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Based on this analysis, the Magistrate Judge reduced the hourly fee requested from $400 to $375, taking into consideration that Wong's attorney is a solo practitioner, that hourly rates in the Eastern District of New York are generally lower than those charged and awarded in the Southern District of New York, and that the attorney was not successful on all of Wong's claims or against any defendant named in the action other than Mangone. *See Wong v. Yoo*, No. 04-cv-4569, 2010 WL 4137532, at *2 (E.D.N.Y. Oct. 19, 2010). The Magistrate Judge also made adjustments for duplicative hours. *Id.* at *3. The fee award was not based on an erroneous view of the law or a clearly erroneous assessment of the evidence.

Accordingly, neither the Magistrate Judge nor the District Court abused its discretion in awarding Wong $167,286.36 in attorneys' fees and expenses.

**Conclusion**

We have considered all of Mangone's arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6