13-3658-cv(L), 13-3916-cv(con)
K.L. v. Warwick Valley Central School District

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

K.L., individually and as parent and next friend of M.L., a child with a disability,

                  *Plaintiff-Appellant-Cross-Appellee*,

          v.                                        13-3658-cv(L), 13-3916-cv(con)

WARWICK VALLEY CENTRAL SCHOOL DISTRICT,

                  *Defendant-Appellee-Cross-Appellant*.[1]

_____

Appearing for Appellant-Cross-Appellee:     Philip B. Abramowitz, Williamsville, NY (Jason H. Sterne, Cuddy Law Firm, P.C., Auburn, NY, *on the brief*).

Appearing for Appellee-Cross Appellant:     Karen S. Norlander, Girvin & Ferlazzo, P.C., Albany, NY.

---

[1] The Clerk of the Court is directed to amend the case caption as above.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant-cross-appellee K.L., individually and as parent and next friend of M.L., a child with a disability, appeals from the September 5, 2013 order of the United States District Court for the Southern District of New York (Cote, *J.*) granting in part K.L.'s motion for attorneys' fees under the fee-shifting provisions of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"). Defendant-appellee-cross-appellant Warwick Valley Central School District ("Warwick Valley") cross-appeals from the same order. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On the cross-appeal, Warwick Valley challenges the district court's conclusion that K.L. was a prevailing party under the IDEA. We disagree, and we affirm the district court's conclusion as to K.L.'s prevailing party status. "[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111–12. Pursuant to the parties' settlement agreement, Warwick Valley provided K.L.'s child summer 2012 ESY services, which it had originally sought to deny and not all of which it was legally obligated to provide pursuant to the pendency provisions of the IDEA and New York State Law. 20 U.S.C. § 1415(j); 8 N.Y.C.R.R. § 200.5(m). This relief modified Warwick Valley's behavior in a way that benefitted K.L. and provided him with a portion of the relief sought in his hearing request. This provides a sufficient basis for prevailing party status.

We next address the parties' respective challenges to the amount of attorneys' fees awarded by the district court. "We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

We first reject Warwick Valley's contention that even if K.L. was eligible for fees as a prevailing party, he was not *entitled* to any fees because any relief he received was de minimis. Although the relief obtained by K.L. was comparatively small, he achieved a primary goal in bringing these proceedings: ensuring full summer 2012 ESY for his child. The mere fact that relief is small in nature does not imply that a plaintiff's success is de minimis. *See Millea v. Metro-N. R.R Co.*, 658 F.3d 154, 168 (2d Cir. 2011) (cautioning that in cases involving "small-ticket items," "small damages awards should be expected without raising the inference that the victory was technical or de minimis").

We similarly reject K.L.'s challenge to the district court's determination of the reasonable hourly rate. "[T]his Court has instructed that determination of a reasonable hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice

2

of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'" *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)). In determining an appropriate hourly rate, "the district court should consider, among others, the *Johnson* factors." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).[2]

Here, after first finding that experienced attorneys are typically compensated at a rate of $300 to $450 per hour in Southern District of New York IDEA cases, the district court next found that Southern District attorneys typically receive lower rates in straightforward civil cases. *See Farbotko*, 433 F.3d at 210 ("The district court is in closer proximity to and has greater experience with the relevant community whose prevailing rate it is determining."). Taking into account the straightforward nature of this case, which involved few disputed issues and a prompt settlement prior to any administrative proceedings, the district court deemed an hourly rate of $250 appropriate. Because we have instructed district courts to consider the *Johnson* factors, including "the time and labor required," "the novelty and difficulty of the questions," and "the level of skill required to perform the legal service properly," in setting the reasonable hourly rate, *see Arbor Hill*, 522 F.3d at 186 n.3, 190, we cannot conclude that the district court abused its discretion in setting the hourly rate here.[3]

K.L.'s challenge to the district court's determination of the reasonable hours expended

---

[2] The *Johnson* factors refer to *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989), where the Fifth Circuit identified the following relevant factors for attorney fee calculations: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3.

[3] The district court offered an alternative basis for adopting $250 as the reasonable hourly rate in this case, concluding that because K.L.'s counsel hail from the Northern District of New York, it should apply the lower rates paid by courts in that district for IDEA cases. Our Circuit has adopted a "forum rule," instructing district courts to "generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted). Because we affirm on the basis of the district court's alternative rationale for the reasonable hourly rate, we need not decide under what circumstances a district court may downwardly deviate from the forum rule presumption. *See* 20 U.S.C. § 1415(i)(3)(C); *cf. Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) (permitting downward deviations from the forum rule "where the bulk of the work is done outside the jurisdiction of the court *and* where there is a *very significant* difference in compensation favoring [the forum district].").

3

during the administrative phase of the proceedings is similarly unavailing. K.L. primarily argues that it was improper for the district court to reduce the requested hourly total based on a finding of limited success. We have held that "[t]he most important factor in determining a reasonable fee for a prevailing party is the degree of success obtained." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir. 1998) (internal quotation marks omitted). Here, the district court appropriately concluded that the settlement agreement only afforded K.L. a portion of the relief originally sought in the hearing request, with K.L. conceding several of his original demands in order to settle the proceedings. *See Barfield*, 537 F.3d at 152 ("Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved.") (internal quotation marks omitted).

K.L. nevertheless contends that a reduction in fees for limited success was inappropriate because the unsuccessful and successful claims shared a factual basis. "Although full fees may be awarded to a partially prevailing plaintiff when the underlying claims" on which that plaintiff did not succeed "are intertwined" with the claims on which the plaintiff did succeed, "the [district] court retains substantial discretion to take into account the specific procedural history and facts of each case." *Green v. Torres*, 361 F.3d 96, 99 (2d Cir. 2004). Here, "tak[ing] into account the specific procedural history and facts of [the] case," *id.*, the district court found that even if the unsuccessful and successful claims were "interrelated," the fees requested were "still excessive in light of the degree of success achieved and the time required to obtain the award achieved in this case." App'x at 166. Given the district court's "substantial discretion" in this area, we find no error.

Finally, we find no abuse of discretion in the district court's decision to award no fees for the time spent litigating K.L.'s fee petition. Certainly, "a district judge [must] evaluate the costs of preparing the [fee] motion no differently from the costs of litigating the underlying case." *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995). However, the district court's "exercise of discretion" in this area "gives the district judge great leeway." *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979); *see also Valley Disposal*, 71 F.3d at 1060 (noting that although "motion costs should be granted whenever underlying costs are allowed," "[t]he district court has broad authority to depart from this basic assumption" when it "give[s] some reasons for its decision to do so."). Indeed, "[i]f the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high, the judge *may refuse further compensation* or grant it sparingly." *Gagne*, 594 F.2d at 344 (emphasis added). Here, the district court concluded that (1) thirty hours was an excessive hourly total for litigating a straightforward fee petition, and (2) the underlying fee request was exorbitant. In light of our previous statement that a district court "may refuse further compensation," *id.*, in such circumstances, we find no error in the decision to award no fees for the fee petition phase. *But see G.M. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999) (instructing district court to calculate attorneys' fees award for prevailing party in an IDEA case, including fees incurred in connection with appeal).

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. In light of Warwick Valley's intractable conduct throughout these proceedings, we exercise our discretion to award

K.L. his costs associated with the lead appeal and the cross-appeal, and deny Warwick Valley an award of appellate costs. *See* Fed. R. App. P. 39(a) (cost provisions apply unless court "orders otherwise").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk