14-3639-cv
*Wilian Encalada v. Baybridge Enterprises Ltd.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

PRESENT:
PETER W. HALL,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

Wilian Encalada,
*Plaintiff-Appellant,*

v.                                                                    14-3639-cv

Baybridge Enterprises Ltd.
*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:     ABDUL KARIM HASSAN, Abdul Hassan Law Group, PLLC, Queens Village, New York.

FOR DEFENDANT-APPELLEE:     HOWARD B. COHEN, The DeIorio Law Group PLLC, Rye Brook, New York.

Appeal from the judgment and order of the United States District Court for the Eastern District of New York (Cogan, *J*.)

UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court awarding attorney's fees is AFFIRMED.

The plaintiff in this Fair Labor Standards Act ("FLSA") case, which was quickly settled, appeals the district court's award of attorney's fees based on its calculation of twenty billable hours at an hourly rate of $350. We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review attorneys' fee awards for abuse of discretion," *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), "afford[ing] a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters,'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (quoting *Hensley v. Eckerheart*, 461 U.S. 424, 437 (1983)). The district court "survey[ed] attorneys' fees decisions in [the Eastern District of New York in] contested FLSA fee applications . . . , and found that the highest litigated reasonable rate in a simple FLSA case is $350."

We find no abuse of discretion in the hourly fee determined by the district court in this case. The district court properly engaged in "'a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,'" *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005), when it surveyed the hourly rates award in similar cases in its

2

district.   It did not apply an incorrect legal standard when it determined that a fee below the $500 to $600 per hour sought by plaintiff's counsel would have been sufficient "to induce a capable attorney to undertake the representation."   *Perdue v. Kenny A. ex. Rel. Winn*, 559 U.S. 542, 552 (2010); *see also K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 19 (2d Cir. 2014) (finding no error in consideration of "the straightforward nature of th[e] case, which involved few disputed issues and a prompt settlement prior to any administrative proceedings").

We have considered the remainder of the parties' arguments and find them to be without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk